**EAGLE MARINE, INC., Plaintiff,**

v.

**BRUNSWICK CORPORATION, et al., Defendants.**

No. 4:02–CV–0399–A.

United States District Court, N.D. Texas, Fort Worth Division.

May 2, 2003.

Larry L. Fowler, Shannon Gracey Ratliff & Miller, Arlington, TX, for Plaintiff.

Denis M. Conrad, Kirkley Schmidt & Cotten, Fort Worth, TX, Christopher H. Rentzel, Bracewell & Patterson, Dallas, TX, for Defendants.

### ORDER

MCBRYDE, District Judge.

Came on for consideration the motion of defendant Robalo Acquisition Company, L.L.C., ("RAC") for partial summary judgment. Plaintiff, Eagle Marine, Inc., has failed to respond to the motion, which is ripe for ruling.[1] The court, having considered the motion, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be denied and that plaintiff should be required to replead.

In September 2000, plaintiff and RAC's predecessor entered into a 2001 model year sales and service agreement pursuant to which plaintiff was appointed as an authorized dealer of Robalo products. The agreement contained an addendum required by Texas law stating that it could not be terminated unless there was good cause, written notice of the termination had been given, and plaintiff had been given thirty days to exert good-faith efforts to cure the causes listed in the notice. *See* TEX. REV. CIV. STAT. ANN. art. 8911 (Vernon Supp.2003). The contract provided that it would expire September 30, 2001. RAC App. at 10.

On March 8, 2002, plaintiff filed its original petition in the 352nd Judicial District Court of Tarrant County, Texas. The action was removed by notice of removal filed April 22, 2002. On August 8, 2002, having obtained leave of court, plaintiff filed its first amended complaint. In it, plaintiff alleged that RAC had informed plaintiff that it would no longer provide merchandise, service, and support under the terms of the dealer agreement and that RAC's action constituted a termination of the agreement. Plaintiff further alleged that it had made demand for RAC to repurchase all of plaintiff's inventory, but that RAC had failed and refused to do so. The legal basis for plaintiff's claims and the nature of the damages claimed by plaintiff are unclear.

RAC's motion is confusing in that it is titled a motion for partial summary judgment, but appears to seek judgment on each of plaintiff's claims against it. As grounds for the motion, it urges that the summary judgment evidence establishes that the dealer agreement was never terminated by RAC and that, in any event, plaintiff failed to make timely demand on RAC to repurchase its inventory. RAC's

---

1. By order signed March 17, 2003, the court granted plaintiff an extension of time until April 28, 2003, in which to file its summary judgment response.

Mot. at 2. The summary judgment evidence establishes only that the agreement was never terminated by written notice. RAC's representative says only that the term of the contract "was to expire on September 30, 2001." RAC's App. at 2. He does not say that the contract expired by its own terms or that it was not otherwise terminated, except that no written notice of termination was given.

The court ORDERS that defendant RAC's motion for partial summary judgment be, and is hereby, denied. The court further ORDERS that by 4:30 p.m. on May 15, 2003, plaintiff file a second amended complaint meeting the requirements of FED. R. CIV. P. 8.